**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____  Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Northvolt Revolt AB** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Goldcup 25150 AB** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | SE 559237-8060 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **C/O Northvolt AB**<br>**Alströmergatan 20**<br>Number          Street | Number          Street |
| | P.O. Box |
| **Stockholm**          **Sweden  112 47**<br>City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number          Street |
| | City          State     Zip Code |

5. **Debtor's website** (URL)   **https://northvolt.com/**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Northvolt Revolt AB**
_____   Case number *(if known)*   _____
Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**335910**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | _____ | | _____ MM/DD/YYYY | | _____ | |
| | District _____ | | When _____ MM/DD/YYYY | | Case number _____ | |

Debtor     **Northvolt Revolt AB**                                              Case number *(if known)*
                Name

---

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No ☒ Yes. | | | |
|---|---|---|---|---|
| | | Debtor | **See Rider 1** | Relationship **Affiliate** |
| List all cases. If more than 1, attach a separate list. | | District | **Southern District of Texas** | When **11/21/2024** MM / DD / YYYY |
| | | Case number, if known | | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                          State      Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency  _____

Contact name  _____

Phone  _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

Debtor   **Northvolt Revolt AB**                                            Case number *(if known)*  _____
         Name

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **11/21/2024**
              MM/ DD / YYYY

✗   */s/ Pia Aaltonen-Forsell*                                   Pia Aaltonen-Forsell
    Signature of authorized representative of debtor             Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

✗   */s/ Charles A. Beckham, Jr.*                       Date   **11/21/2024**
    Signature of attorney for debtor                            MM/DD/YYYY

**Charles A. Beckham, Jr.**
Printed name

**HAYNES AND BOONE, LLP**
Firm name

**1221 McKinney Street, Suite 4000**
Number                    Street

**Houston**                                         **Texas**        **77010**
City                                                State          ZIP Code

**(713) 547-2000**                                  **charles.beckham@haynesboone.com**
Contact phone                                       Email address

**02010660**                                        **Texas**
Bar number                                          State

<table>
<tr><td colspan="2" style="background-color:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br> <strong>Southern District of Texas</strong> (State) </td></tr>
<tr><td>Case number <em>(if known)</em>: _____</td><td>Chapter __11__</td></tr>
</table>

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Northvolt AB.[1]

- **Northvolt AB**
- **Cuberg, Inc.**
- **Northvolt Ett AB**
- **Northvolt Ett Fastighetsförvaltning AB**
- **NV Texas, LLC**
- **Northvolt Labs AB**
- **Northvolt Revolt AB**
- **Northvolt Systems AB**
- **Northvolt Poland sp. z o.o.**

---

[1]   In addition, on October 8, 2024, Northvolt Ett Expansion AB filed an application for bankruptcy in the District Court of Stockholm for relief under Swedish insolvency law.  This filing occurred in Sweden rather than the United States and does not relate to any of the Debtors mentioned above.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHVOLT REVOLT AB, | ) | Case No. 24-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[2]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Northvolt AB | Alströmergatan 20<br>112 47 Stockholm, Sweden | 100% |

---

[2]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHVOLT REVOLT AB, | Case No. 24-_____(___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Northvolt AB | 100% |

**Fill in this information to identify the case:**

Debtor name __Northvolt AB, et al.__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **VOLTA** LISE-MEITNER-ALLE 19 BOCHUM,  44801 GERMANY | ATTN LUKAS AKEME E: MARVIN.LEITMANN@VOLTAVISION.DE | VOLTA CONVERTIBLE NOTE (2022/2023 CONVERTIBLE INSTRUMENT) | | | | $3,850,188,187.00 |
| 2 | **KFW** PALMENGARTENSTRAßE 5 FRANKFURT AM MAIN,  60325 GERMANY | ATTN MANUEL WAWRIK E: MANUEL.WAWRIK@KFW.DE | KFW SUBORDINATED NOTE | | | | $695,965,705.00 |
| 3 | **VOLKSWAGEN** INDUSTRIESTRASSE NORD,VOLKSWAGENWERK SALZGITTER,  38231 GERMANY | ATTN LEGAL DEPARTMENT | VW CONVERTIBLE AGREEMENT | | | | $355,286,662.00 |
| 4 | **NORDIC TRUSTEE AND AGENCY (PUBL)** NORRLANDSGATAN 16 STOCKHOLM,  111 43 SWEDEN | ATTN LEGAL DEPARTMENT T:4687837900 E: SWEDEN@NORDICTRUSTEE.COM | SHAREHOLDER BRIDGE FACILITY AGREEMENT | | | | $154,000,000.00 |
| 5 | **SFA ENGINEERING CORP.** DONGTANSUNHWANDAERO 29-GIL 25 HWASEONG-SI,  18472 KOREA, REPUBLIC OF | ATTN TAEHYUNG LEE E: TAEHYUNG.LEE@SFA.CO.KR | TRADE VENDOR | | | | $30,177,985.00 |
| 6 | **BHP BILLITON MARKETING AG** 10 MARINA BOULEVARD #18-01, MARINA BAY FINANCIAL CENTRE TOWER 2 SINGAPORE,  SINGAPORE | ATTN LON UNTALAN E: LON.UNTALAN@BHP.COM | TRADE VENDOR | | | | $30,156,103.00 |
| 7 | **AXIMA CONCEPT SWEDEN FILIAL** ODINSGATAN 28 GÖTEBORG,  411 03 SWEDEN | ATTN SOPHIE GRANJU E: SOPHIE.GRANJU@EQUANS.COM | TRADE VENDOR | | | | $21,539,705.00 |
| 8 | **WUXI LEAD INTELLIGENT EQUIPMENT CO, LTD** NO.20 XINXI ROAD, XINWU DISTRICT WUXI,  CHINA | ATTN CEN ZIYU E: SHENJIA.DONG@LEADCHINA.CN | TRADE VENDOR | | | | $19,662,071.00 |

Debtor **Northvolt AB, et al.**

Name

Case number *(if known)*_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  EASPRING TECHNOLOGY (CHANGZHOU) NEW MATERIAL CO., LTD. NO.155 JINCHENG AVENUE JINTAN DISTRICT CHANGZHOU CITY CHANGZHOU,  213200 CHINA | ATTN SHERRY ZHUANG | TRADE VENDOR | | | | $16,904,600.00 |
| 10  BRAVIDA SVERIGE AB MIKROFONVÄGEN 28 HÄGERSTEN,  126 38 SWEDEN | ATTN OLOV DANIELSSON T:46706028323 E: ANDERS.ATTEFJORD@BRAVIDA.SE | TRADE VENDOR | | | | $10,032,324.00 |
| 11  MICROSOFT AB REGERINGSGATAN 25 STOCKHOLM,  111 53 SWEDEN | ATTN LEGAL DEPARTMENT E: EMEAOOWI@MICROSOFT.COM | TRADE VENDOR | | | | $8,908,034.00 |
| 12  JIANGSU EASPRING MATERIAL TECHNOLOGY CO, LTD YANGTZE RIVER ROAD, EASTERN, LINGDIAN INDUSTRIAL CONCENTRATION ZONE, LINJIANG DISTRICT, HAIMEN, JIANGSU ,  226133 CHINA | ATTN CRISSY (CHANG) JIANG E: SALE@EASPRING.COM.CN | TRADE VENDOR | | | | $7,075,200.00 |
| 13  LF CO,LTD 11, IGOKDONG-RO, DALSEO-GU, DAEGU, REPUBLIC OF KOREA DAEGU,  42620 KOREA, REPUBLIC OF | ATTN EVELYN LEE E: LCHAEW@LANDF.CO.KR | TRADE VENDOR | | | | $6,251,703.00 |
| 14  TIANQI LITHIUM KWINANA PTY LTD 61 DONALDSON RD KWINANA BEACH,  6167 AUSTRALIA | ATTN CHRISTOPHER COUTINHO E: JESSICA.YU@TIANQILITHIUM.COM.AU | TRADE VENDOR | | | | $6,092,190.00 |
| 15  SODEXO AB DALVÄGEN 22 SOLNA,  169 79 SWEDEN | ATTN JOHAN ISRAELSSON E: DAMON.NIKKA@SODEXO.COM | TRADE VENDOR | | | | $5,880,104.00 |
| 16  SKELLEFTEÅ KRAFTAKTIEBOLAG KANALGATAN 71 SKELLEFTEÅ,  931 80 SWEDEN | ATTN TOMAS LADÅS E: MAJA.FORSMAN@SKEKRAFT.SE | TRADE VENDOR | | | | $5,507,600.00 |
| 17  BNP PARIBAS SA 16 BD DES ITALIENS PARIS,  75009 FRANCE | ATTN LEGAL DEPARTMENT E: GROUP.GSS.S2P.MIDDLE.OFFICE@BN PPARIBAS.COM | TRADE VENDOR | | | | $5,217,212.00 |
| 18  RJ AND COLLAB GMBH GOSTRITZER STR 65 DRESDEN,  1217 GERMANY | ATTN RJ YOUNG E: YOUNG-EUM@RJNCOLLAB.COM | TRADE VENDOR | | | | $5,032,832.00 |
| 19  GOLDMAN SACHS BANK EUROPE SE MARIENTURMTAUNUSANLAGE 9-10 FRANKFURT AM MAIN,  60329 GERMANY | ATTN LEGAL DEPARTMENT E: IBDINVOICING@GS.COM | TRADE VENDOR | | | | $4,777,542.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | **STENA RECYCLING AB** BOX 68 HALLSTAHAMMAR,  734 22 SWEDEN | ATTN ANGELICA ÖBERG T:0736 28 40 84 E: ANGELICA.OBERG@STENARECYCLING.SE | TRADE VENDOR | | | | **$4,605,394.00** |
| 21 | **SENIOR MATERIAL (EUROPE) AB** SVISTA LAGERVÄG 8 ESKILSTUNA,  633 62 SWEDEN | ATTN SOPHIE CHEN T:+46 76 697 40 87 E: ORDER.RECEIVING@SENIOR798.EU | TRADE VENDOR | | | | **$4,548,453.00** |
| 22 | **RANDSTAD AB** RÄTTARVÄGEN 3 SOLNA,  169 68 SWEDEN | ATTN SUSANNE HOLMBERG E: KUNDFAKTUROR@RANDSTAD.SE | TRADE VENDOR | | | | **$4,265,556.00** |
| 23 | **KEDALI SWEDEN AB** TORSGATAN 122 SKELLEFTEÅ,  931 96 SWEDEN | ATTN YU JIN E: YU.JIN@KEDALI.SE | TRADE VENDOR | | | | **$4,237,991.00** |
| 24 | **HANWHA MOMENTUM** 20 PANGYOYEOK-RO 241BEON-GIL, BUNDANG-GU, SEONGNAM-SI, GYEONGGI-DO, SOUTH KOREA SEONGNAM-SI,  13494 KOREA, REPUBLIC OF | ATTN SEONGWOO LIM T:+82 10 5298 9121 E: MANDOLA@HANWHA.COM | TRADE VENDOR | | | | **$4,100,559.00** |
| 25 | **VENTPARTNER I VÄSTMANLAND AB** STUBBENGATAN 2 ÖREBRO,  703 44 SWEDEN | ATTN EMIL BERGQUIST E: EMIL.BERGQUIST@VENTPARTNER.SE | TRADE VENDOR | | | | **$4,091,267.00** |
| 26 | **KATAOKA CORPORATION** 140 TSUKIYAMA-CHO KUZE KYOTO,  601-8203 JAPAN | ATTN KAZUMA MORI T:818022305739 E: K-MORI@KATAOKA-SS.CO.JP | TRADE VENDOR | | | | **$3,993,171.00** |
| 27 | **AXIMA CONCEPT** 49 RUE LOUIS BLANC COURBEVOIE,  92400 FRANCE | ATTN SOPHIE GRANJU E: GUILLAUME.PASTEAU@EQUANS.COM | TRADE VENDOR | | | | **$3,874,191.00** |
| 28 | **J.P MORGAN** TAUNUSTOR 1 FRANKFURT AM MAIN,  60310 GERMANY | ATTN LEGAL DEPARTMENT E: BHAVIN.X.SHAH@JPMORGAN.COM | TRADE VENDOR | | | | **$3,721,128.00** |
| 29 | **CIS CO. LTD.** 37, PALGONG-RO 47-GIL, DONG-GU DAEGU,   KOREA, REPUBLIC OF | ATTN CADRIC. EUNHO KIM E: JHPARK0211@CISRO.CO.KR | TRADE VENDOR | | | | **$3,715,101.00** |
| 30 | **VAKANTA AB (CLIENT FOUNDS ACCOUNT)** REGERINGSGATAN 38 STOCKHOLM,  111 56 SWEDEN | ATTN JOHAN HANSSON E: JOHAN.HANSON@VAKANTA.SE | TRADE VENDOR | | | | **$3,547,391.00** |

Fill in this information to identify the case and this filing:

Debtor Name           **Northvolt Revolt AB**

United States Bankruptcy Court for the:        **Southern District of Texas**
                                                                   (State)
Case number (If known):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors         12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on          __11/21/2024__                    ☒ */s/ Pia Aaltonen-Forsell*
                          MM/ DD/YYYY                      Signature of individual signing on behalf of debtor

                                                          **Pia Aaltonen-Forsell**
                                                          Printed name

                                                          **Authorized Signatory**
                                                          Position or relationship to debtor

**Official Form 202**              **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**NORTHVOLT REVOLT AB (Swedish reg. no. 559237-8060) (the "Company")**
**RESOLUTIONS ADOPTED BY THE BOARD OF DIRECTORS (the "Board")**
**November 20, 2024**

It was noted that the Board has reviewed and considered certain materials presented by, or on behalf of, the Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, (i) materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business and the business of the Company's affiliates, (ii) the information and advice previously provided to and reviewed by the Board, and (iii) the related matters reported at meetings of the Board on and before the date hereof;

It was noted that the Board has had adequate opportunity to consult with Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company; and

It was noted that the Board had considered its fiduciary duties under applicable law in exercising its powers and discharging its duties, and that the Board has determined, in an exercise of its business judgment, that the following resolutions are advisable and in the best interest of the Company and its creditors, and other parties in interest, and are made in good faith and in the absence of fraud, coercion, duress or undue influence.

In view of the above, the Board decided to adopt the following resolutions:

**VOLUNTARY PETITIONS FOR RELIEF**

It was resolved**,** that in the judgment of the Board, it is desirable and in the best interests of the Company and its creditors and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") for the Company; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition; and

It was resolved**,** that Pia Aaltonen-Forsell with full power of substitution be, and hereby individually is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company.

**RETENTION OF PROFESSIONALS**

It was resolved that Pia Aaltonen-Forsell, with full power of substitution, be, and hereby individually is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as general bankruptcy counsel; (ii) the law firm of Haynes and Boone, LLP, as local bankruptcy counsel; (iii) the firm of Teneo Capital LLC, as

financial advisor; (iv) the firm of N.M. Rothschild & Sons Limited, as investment banker; (v) Stretto, Inc., as claims, noticing, solicitation, and administrative agent; (vi) Mannheimer Swartling Advokatbyrå AB, as Swedish counsel; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, Pia Aaltonen-Forsell be, and hereby individually is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

It was resolved that Pia Aaltonen-Forsell, be, and hereby individually is, authorized, empowered, and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that such person in her absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions.

### DEBTOR-IN-POSSESSION FINANCING

It was noted that the Company will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of the Company, from the incurrence of debtor-in-possession financing obligations by its direct parent company, Northvolt AB, amongst others, entering into that certain Debtor-In-Possession Credit Agreement with Scania CV AB (publ) (the "DIP Credit Agreement"), to be dated on or about November 20, 2024 (the "DIP Financing"), as documented in the proposed order in interim and final form (the "DIP Order") submitted for approval to the Bankruptcy Court;

It was resolved to approve the DIP Financing and the DIP Order and that, in order to use and obtain the benefits of the DIP Financing, the Company shall enter into, execute, deliver and perform the DIP Order, and those documents listed on Schedule I attached hereto, as applicable (collectively with the DIP Credit Agreement, the "DIP Financing Documents"), and any DIP Related Documents (as defined below) which the Company may enter into and/or execute;

It was resolved that the form, terms, and provisions of the DIP Financing Documents and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved in all respects, and that the Company shall enter into the DIP Financing Documents and any DIP Related Document (as defined below), subject to approval by the Bankruptcy Court;

It was resolved that the form, terms, and provisions of the DIP Order, to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved in all respects, and any two jointly of Thomas Johnstone, Peter Carlsson, Cecilia Swolin, and Pia Aaltonen-Forsell (the "Authorized Persons"), each with full power of substitution, of the Company be, and hereby are, authorized, directed, and

empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to sign, execute, deliver, perform, and cause the performance of, the DIP Order and the DIP Financing Documents.

It was resolved to authorize any two jointly of Thomas Johnstone, Peter Carlsson, Andreas Rohman, Steven Cespedes, Anders Ekwall, Pia Aaltonen-Forsell, Cecilia Swolin, and Katherine Bagerman, each with full power of substitution, to, on behalf of the Company, sign, execute, deliver, issue, dispatch all other agreements, documents, powers of attorney, confirmations, utilization requests, extension requests, endorsements on share certificates representing shares pledged pursuant to any DIP Financing Document, amendments certificates, instruments, fee letters, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which such Company is or will be a party, and such other agreements, instruments, certificates, notices, assignments, amendments and documents as may be reasonably requested by the agent (the "DIP Agent") under the DIP Financing (the "DIP Related Documents" and collectively with the DIP Order and the DIP Financing Documents, the "DIP Documents"), incur and pay, or cause to be paid, all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Persons of such Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

It was resolved that the Company, as debtor and debtor in possession under the Bankruptcy Code, as applicable, shall undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens and share pledges, as applicable, to secure such obligations;

It was resolved that each any two jointly of the Authorized Persons, each with full power of substitution be, and hereby individually are, authorized and directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and effectuate the DIP Documents and the DIP Transactions, including any commitment letter, and the DIP Order, including delivery thereof, and any two jointly of Thomas Johnstone, Peter Carlsson, Andreas Rohman, Steven Cespedes, Anders Ekwall, Pia Aaltonen-Forsell, Cecilia Swolin, and Katherine Bagerman, each with full power of substitution be, and hereby are, authorized and directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and effectuate the DIP Documents and the DIP Transactions, except for any commitment letter, and the DIP Order, including delivery thereof;

It was resolved that any two jointly of Thomas Johnstone, Peter Carlsson, Andreas Rohman, Steven Cespedes, Anders Ekwall, Pia Aaltonen-Forsell, Cecilia Swolin, and Katherine Bagerman, each with full power of substitution, each with full power of substitution be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP

3

Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order;

It was resolved that any two jointly of Thomas Johnstone, Peter Carlsson, Andreas Rohman, Steven Cespedes, Anders Ekwall, Pia Aaltonen-Forsell, Cecilia Swolin, and Katherine Bagerman, each with full power of substitution, be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to: (a) prepare any amendments, waivers, consents, supplements, or other modifications under or to the DIP Documents to which the Company is a party which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions, and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents, the execution and delivery thereof by such persons to be deemed conclusive evidence of the approval and ratification thereof by such persons or that such persons deemed such standard to be met; and

It was resolved that each of the Authorized Persons of the Company, acting individually and with full power of substitution, be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## CASH COLLATERAL AND ADEQUATE PROTECTION

It was noted that the Company will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of the Company, from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), including but not limited to funds held in the "Debt Service Reserve Account" as defined in that certain Accounts Agreement, dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to time, among Northvolt Ett AB as the Borrower, Northvolt Ett Fastighetsförvaltning AB as PropCo, Northvolt AB as the Sponsor, Swedbank AB (PUBL) as the Account Bank and the Security Agent, and ING Bank N.V. as the Intercreditor Agent (each as defined in the Accounts Agreement), which is security for

(i)     those certain prepetition secured lenders and secured hedge counterparties (collectively, the "1L Secured Lenders") party to

(a)     that certain "Euler Hermes Covered Facility Agreement", dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to

time, among Northvolt Ett AB as the Borrower, Sumitomo Mitsui Banking Corporation, Brussels Branch as the Euler Hermes Covered Facility Agent, Sumitomo Mitsui Banking Corporation, Dusseldorf Branch as the Euler Hermes ECA Agent, ING Bank N.V. as the Intercreditor Agent, and certain financial institutions party thereto from time to time (each as defined in the Euler Hermes Covered Facility Agreement),

(b)     that certain "<u>BPIAE Covered Facility Agreement</u>," dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to time, among Northvolt Ett AB as the Borrower, Sumitomo Mitsui Banking Corporation, Brussels Branch as the BPIAE Covered Facility Agent, Sumitomo Mitsui Banking Corporation Europe Limited, Paris Branch as the BPIAE ECA Agent, ING Bank N.V. as the Intercreditor Agent, and certain financial institutions party thereto from time to time (each as defined in the BPIAE Covered Facility Agreement),

(c)     that certain "<u>NEXI Covered Facility Agreement</u>," dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to time, among Northvolt Ett AB as the Borrower, Sumitomo Mitsui Banking Corporation, Brussels Branch as the NEXI Covered Facility Agent, Sumitomo Mitsui Banking Corporation as the NEXI ECA Agent, and certain financial institutions party thereto from time to time (each as defined in the NEXI Covered Facility Agreement,

(d)     that certain "<u>KEXIM Direct Facility Agreement</u>," dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to time, among Northvolt Ett AB as the Borrower, the Export-Import Bank of Korea as the KEXIM Direct Lender and the KEXIM Direct Facility Agent, and ING Bank N.V. as the Intercreditor Agent (each as defined in the KEXIM Direct Facility Agreement),

(e)     that certain Finance Contract ("<u>EIB Finance Contract</u>"), dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to time, between Northvolt Ett AB as the Borrower and European Investment Bank as the Bank (each as defined in the EIB Finance Contract),

(f)     that certain "<u>Commercial Uncovered Facility Agreement</u>," dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to time, among Northvolt Ett AB as the Borrower, ING Bank N.V. as the Commercial Uncovered Facility Agent and the Intercreditor Agent, and certain financial institutions party thereto from time to time (each as defined in the Commercial Uncovered Facility Agreement), and

(g)     that certain "<u>Revolving WC Facility Agreement</u>," dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to time, among Northvolt Ett AB as the Borrower, ING Bank N.V. as the Revolving WC Facility Agent and the Intercreditor Agent, and certain financial institutions

party thereto from time to time (each as defined in the Revolving WC Facility Agreement);

(h)    that certain "<u>Common Terms Agreement</u>" dated as of July 28, 2020, by and among Northvolt Ett AB as borrower, Ett PropCo as propco, ING Bank N.V. as intercreditor agent, Swedbank AB (publ) as Security Agent, and certain lenders, mandated lead arrangers, and facility agents party thereto (each as defined in the Common Terms Agreement);

(i)    that certain "<u>Equity Contribution and Retention Agreement</u>" by and among Northvolt AB, as sponsor, Northvolt Ett AB, as borrower, the Intercreditor Agent, and the Security Agent (each as defined in the Equity Contribution Agreement); and

(ii)    those certain prepetition secured lenders (collectively, the "<u>2L Secured Lenders</u>" and together with the 1L Secured Lenders, the "<u>Cash Collateral Secured Parties</u>") party to that certain "<u>Second Lien Facility Agreement</u>," dated as of July 28, 2020, as amended, supplemented, or otherwise modified from time to time, among Northvolt Ett AB as the Borrower, Northvolt Ett Fastighetsförvaltning AB as PropCo, ING Bank N.V. as the Intercreditor Agent, Danske Bank A/S as the Original Facility Agent, and certain financial institutions party thereto from time to time (each as defined in the Second Lien Facility Agreement);

(iii)    that certain "<u>Security Agency and Intercreditor Deed</u>" by and among Northvolt AB, as sponsor, Northvolt Ett AB, as borrower, the Intercreditor Agent, and the Security Agent 1L Secured Lenders, 2L Secured Lenders and Secured Hedge Counterparties (each as defined in the Security Agency and Intercreditor Deed); and

It was resolved that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain liens, claims, and adequate protection to the Cash Collateral Secured Parties (the "<u>Cash Collateral Adequate Protection Obligations</u>"), as documented in a proposed interim order (the "<u>Interim Cash Collateral Order</u>") and submitted for approval to the Bankruptcy Court;

It was resolved that the form, terms, and provisions of the Interim Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and any two jointly of the Authorized Persons be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to sign, execute, deliver, perform, and cause the performance of, the Interim Cash Collateral Order, and those documents listed in <u>Schedule I</u> attached hereto, as applicable;

It was resolved to authorize any two jointly of Thomas Johnstone, Peter Carlsson, Andreas Rohman, Steven Cespedes, Anders Ekwall, Pia Aaltonen-Forsell, Cecilia Swolin, and Katherine Bergman, with full power of substitution, to, on behalf of the Company, sign, execute, deliver, issue, dispatch all such other agreements, documents, powers of attorney, confirmations, utilization requests, extension requests, endorsements on share certificates representing shares

pledged pursuant to any document listed in Schedule I attached hereto, and to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Company, with such changes, additions, and modifications thereto as such persons executing the same shall approve, such approval to be conclusively evidenced by such persons' execution and delivery thereof; and

It was resolved that the Company, as debtor and debtor in possession under the Bankruptcy Code (as set out above) shall incur the Cash Collateral Adequate Protection Obligations.

## FURTHER ACTIONS AND PRIOR ACTIONS

It was resolved that each of the Authorized Persons, be, and hereby individually is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Persons in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

It was resolved that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, amendments, supplements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, resolutions, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person or Authorized Persons may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

It was resolved that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board of the Company; and

It was resolved that (a) the foregoing resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Board and the Company.

**CONDITIONALITY**

All resolutions made by the board of directors of the Company are subject to the board of directors of Northvolt AB resolving (i) to continue Northvolt AB's business; and (ii) to file a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court, in each case during the meeting intended to be held by the board of directors of Northvolt AB on November 20, 2024.

[*Signature page follows*]

I hereby certify that this document truly and correctly reflects the resolutions approved by the Board on the date set forth above.

By: _Cecilia Swolin_

Name:  Cecilia Swolin

Title:  General Counsel

Docusign Envelope ID: 1CACC0A2-9670-4D98-90A3-E483F71CED5A

## Schedule I

[Filed with the minutes of the Board]